# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**　　　　　　　　　　**RESPONDENT**

v.　　　　　　　　No. 4:12-cr-109-DPM-3

**BRADLEY ALLAN HAWKS**　　　　　　　　　　**PETITIONER**

## ORDER

**1.** Status report, *Doc. 142*, appreciated. The Court directs the Clerk to lift the stay in this case, and to reopen and lift the stay in the related civil statistical case. *Doc. 125*; No. 4:16-cv-403-DPM.

**2.** In 2013, Hawks pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Because Hawks was an Armed Career Criminal, the Court sentenced him to 180 months—the statutory mandatory minimum. *Doc. 96*; 18 U.S.C. § 924(e). In 2015, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). In light of *Johnson*, Hawks filed a *habeas* petition seeking relief from his sentence. *Doc. 103*. He argued that, without the residual clause, he no longer had three qualifying prior convictions under the ACCA. *Ibid.*

At Hawks's request, the Court held his petition in abeyance while several cases about ACCA predicates worked their way through the courts. *Doc. 114, 116, 128, 130 & 140*. Those cases have now been

decided, though not in Hawks's favor. In *United States v. Sims*, the United States Court of Appeals for the Eighth Circuit held that convictions under Arkansas's residential burglary statute are enumerated violent felonies under the ACCA. 933 F.3d 1009, 1013–15 (8th Cir. 2019). And in *United States v. Myers*, the Court of Appeals held that Arkansas's terroristic threatening statute is divisible and that convictions under that statute for threatening to injure people are violent felonies under the ACCA's force clause. 928 F.3d 763, 765–66 (8th Cir. 2019).

Under these binding precedents, Hawks has four previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" — a terroristic threatening conviction, two residential burglary convictions, and a conviction for possessing cocaine with intent to distribute. *PSR at ¶¶ 33, 35, 36 & 38*. His § 2255 motion, *Doc. 103*, is therefore denied. No certificate of appealability will issue. 28 U.S.C. § 2253(c).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

24 July 2020